**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA

v.

No. 3:16-cr-238 (SRU)

FRANCISCO BENTANCOURT, et al.

**RULING ON MOTION TO DISMISS**

Lucilo Cabrera has moved to dismiss all of the counts in the government's Second Superseding Indictment (the "Indictment") in which he is named as a defendant, namely Counts One, Two, Ten, Eleven, Twelve, Thirteen, and Fourteen. He alleges that the Indictment is fatally defective and should be dismissed because it fails to name the alleged victims of the offenses charged and, therefore, Cabrera cannot conduct a thorough investigation and prepare a meaningful defense. For the reasons set forth below, Cabrera's motion is denied.

## I.     Background

Cabrera and two co-defendants were indicted on or about August 2, 2017 by a Grand Jury on a fourteen-count Second Superseding Indictment. Specifically, Cabrera was charged as follows: Conspiracy to Commit Kidnapping (Count One); Conspiracy to Commit Hobbs Act Extortion (Count Two); Kidnapping (Counts Ten, Twelve, and Thirteen); and Hobbs Act Extortion (Counts Eleven and Fourteen). The Indictment alleges that Cabrera and his co-defendants conspired to, and did, kidnap undocumented immigrants arriving by bus at the Port Authority in New York in order to extort money from the victims' family members in exchange for their release. The government identified the victims in the Indictment by their initials, and Cabrera argues that by failing to name the victims, the Indictment is fatally defective and should be dismissed.

## II.    Standard of Review

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides, in relevant part:  "The indictment … must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  "It is firmly established that an indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events.  Additionally, the Second Circuit has stated that the Indictment Clause requires that an indictment contain some amount of factual particularity to ensure that the prosecution will not fill in elements of its case with facts other than those considered by the grand jury."  *United States v. Walsh*, 194 F.3d 37, 45 (2d Cir. 1999) (citation omitted) (internal quotation marks omitted).

An indictment is fatally flawed when the prosecution is "left free to roam at large and fill in . . . vital missing element[s] of the crime."  *United States v. Rizzo*, 373 F. Supp. 204, 207 (S.D.N.Y. 1973), *aff'd sub nom. United States v. Marion*, 493 F.2d 1399 (2d Cir. 1974) (internal quotation marks omitted).  When an indictment alleges sufficient information, "there is no danger that the prosecutor could fill in any essential elements of the crimes charged as the case went along which were not before the grand jury."  *Id.*  Accordingly, "the name or further identification of the prospective victim is not necessary for the preparation of an adequate defense or to assure that the essential elements of the offense were properly determined by the grand jury."  *Id.*

The failure to name a victim is insufficient, by itself, to dismiss an indictment.  *See id.* (citing with approval *United States v. Tomasetta*, 429 F.2d 978, 979-80 [1st Cir. 1970], in which the court held that an indictment accusing the defendants of "making threats by an unstated means to an unnamed person on a particular day in a city of moderate size" was dismissible on

the basis that the "combination of omissions" did not provide the defendants with adequate information to prepare for trial, and further stated that no one omission was determinative and the failure to name the alleged victim, alone, might not have led to the same result).

**III.     Discussion**

The Indictment at issue here sufficiently pleads the elements of the offenses charged, and the facts constituting the alleged offenses, as required by Fed. R. Crim. P. 7(c)(1).  Although the Indictment refers to the victims by initials only, it provides other identifying information that ensures that the prosecution will not have the ability to "roam at large and fill in . . . vital missing element[s] of the crime."  *Rizzo*, 373 F. Supp. at 207.  In addition to the alleged victims' initials, the Indictment provides identifying information such as the victims' countries of origin and the initials and locations of their family members in the area.  The Indictment also sets forth with precise particularity the date and location of each of the alleged crimes.  Accordingly, Cabrera's claim that the "universe of potential victims" in this case includes "undocumented aliens who, over a two year period, have illegally entered this country and travelled to the Greater New York area" is unavailing.  The Indictment provides sufficient information to put Cabrera on notice of the allegations against him, and there is no risk that the prosecution could later fill in essential elements of the crimes charged.

**IV.     Conclusion**

For the reasons stated above, Cabrera's Motion to Dismiss the Government's Second Superseding Indictment (doc. #82) is **DENIED.**

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of November 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge